UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GERALD DEROCHE, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 23-7179**

**ANCO INSULATIONS, INC., ET AL.**                        **SECTION "O"**

ORDER AND REASONS

Before the Court is a motion[1] by Sharon Deroche, Gerald Deroche, and Ginger Porter ("Plaintiffs") to sever their claims from any third-party claims and remand the case to Orleans Parish Civil District Court ("CDC"). Defendant Mosaic Global Holdings, Inc. ("Mosaic") and Third-Party Defendants Estee Lauder Inc., Estee Lauder International, Inc., and the Estee Lauder Companies, Inc. (together, "ELI") oppose.[2] For the following reasons, the motion to sever claims and remand is **DENIED**.

I. **BACKGROUND**

This is an asbestos case with a tortured procedural history; only that history relevant to resolving the instant motion is summarized. After Gerald and Sharon Deroche filed a first lawsuit in state court seeking redress for Mr. Deroche's asbestos-caused mesothelioma, the case was removed by Mosaic and then voluntarily dismissed by the Plaintiffs. Plaintiffs then refiled in CDC, where the case proceeded. After Mr. Deroche testified in his deposition that he worked as a welder at shipyards

---

[1] ECF No. 132.
[2] ECF No. 136, 137. Additionally, the Court granted Defendant Liberty Mutual Insurance Company's motion to join and adopt Mosaic's opposition to Plaintiffs' motion to sever and remand. ECF No. 141.

owned or operated by Huntington Ingalls Incorporated (f/k/a Northrop Grunman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) ("Huntington"), Mosaic filed a third-party demand against Huntington, which in late 2023 removed the case to this Court, invoking 28 U.S.C. § 1442(a), the federal officer removal statute, given that it advanced federal defenses to Mosaic's third-party claims against it.[3] Several months later, Mr. Deroche passed away. An amended complaint was filed adding, *inter alia*, wrongful death claims of Plaintiffs.[4]

On August 8, 2024, Plaintiffs and Huntington entered into a settlement agreement,[5] notwithstanding the fact that Plaintiffs never formally asserted claims against Huntington. In late December 2024, Mosaic moved to dismiss its third-party claims against Huntington and Huntington moved to dismiss its cross-claims and third party claims without prejudice; the motions were granted.[6] Plaintiffs then filed the instant motion to sever and remand. Plaintiffs do not dispute that removal was proper in the first instance. Instead, Plaintiffs contend that—now that any claims by the plaintiffs against Huntington have been dismissed and Huntington has since been dismissed from the lawsuit—only state-law tort claims involving non-diverse parties remain and the Court should decline to exercise supplemental jurisdiction over the remaining claims. Mosaic and ELI oppose the motion to sever and remand,

---

[3] As it has in numerous prior cases, Huntington asserted that it was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when its employees were building vessels for the government and using asbestos.
[4] ECF No. 102.
[5] ECF Nos. 111, 119, 123-24.
[6] ECF Nos. 129, 133.

contending that post-removal dismissal of federal officer removal claims does not oust jurisdiction.

## II. ANALYSIS

The Federal Officer Removal Statute authorizes removal of a suit by the "United States or any agency thereof (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any color of such office[.]" 28 U.S.C. § 1442(a)(1). Suits against federal officers may be removed if a defense depends on federal law, even if plaintiff's complaint does not assert a federal claim. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). To establish federal jurisdiction under the federal-officer removal statute, the defendant must show: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

Although federal courts are courts of limited jurisdiction, "federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[U]nlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." *See Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021); *see also Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (noting that

federal officer removal under 28 U.S.C. § 1442 is analyzed "without a thumb on the remand side of the scale"); *see also Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 414 (5th Cir. 2024) (unlike other removal doctrines, the Fifth Circuit "broadly construe[s] the federal officer removal statute in favor of a federal forum").

It follows that the "district court does not lose jurisdiction if the plaintiff 'cease[s] to assert a claim that was subject to the federal contractor defense' nor 'if the facts later indicate the federal [contractor] defense fails.'" *See Ragusa v. Louisiana Guaranty Ins. Assoc.*, No. 21-1971, 2023 WL 2646754, at * (E.D. La. Mar. 27, 2023) (Barbier, J.) (citing *Williams v. Lockheed Martin Corp.,* 990 F.3d 852, 862-63 (5th Cir. 2021)). Moreover, as another section of Court recently observed, "[b]ecause federal jurisdiction under 28 U.S.C. § 1442(a) survives the dismissal of federal defenses," even after such defenses are dismissed, "the Court need not consider whether it should exercise supplemental jurisdiction over plaintiff's claims under 28 U.S.C. § 1367." *See LeBoeuf v. Huntington Ingalls, Inc.*, No. 24-1695, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025) (Vance, J.) (citations omitted).[7]

So too here.

It is undisputed that Huntington properly removed the case under this federal-officer removal framework and that this Court had subject matter jurisdiction at the time of removal given Huntington's federal officer defenses. Likewise, it is settled that the Court's jurisdiction was not ousted by the dismissal of claims against

---

[7] In *LeBoeuf*, Judge Vance denied a plaintiff's motion to remand given that the Court retained jurisdiction over an asbestos case removed under the federal officer removal statute, notwithstanding that the Court had dismissed on the merits the federal-officer defendant's federal defense. *Id.*

4

Huntington and of its federal-contractor defenses. The only issue is whether the Court must resort to 28 U.S.C. § 1367 to determine if it should remand the remaining state law claims to state court. When a federal district court has original jurisdiction over a civil action, it "shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy." *Id*. Under § 1367(c), the Court "may decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Courts also consider whether the balance of common law factors of judicial economy, convenience, fairness, and comity favor exercising supplemental jurisdiction. *See Finney v. Bd. of Comm's of Port of New Orleans*, 575 F. Supp. 3d 649, 668 (E.D. La. 2021) (citation omitted).

This is a pure discretionary endeavor. Indeed, Mosaic and ELI both contend that the jurisdictional predicate advanced at removal remains an issue in this case and favors retention of jurisdiction given the applicable state fault-allocation law, which requires that the defendants at trial carry their burden of proving the fault of settled entities in order to receive credit for any settled entity's virile share of liability (*e.g.,* "it will be Mosaic's burden . . . to prove the fault of [Huntington] (as a settled party) before the jury [such that] the issues related to the federal contractor defense

will persist in this matter through trial[]").[8] Plaintiffs fail to brief, and offer no reply to these authorities or to Mosaic's and ELI's contentions.

The parties thus clash on one issue: whether this Court must indulge a discretionary consideration of whether it should exercise supplemental jurisdiction over state-law claims, now that the federal-contractor (and its defenses) have been dismissed.

Plaintiffs' singular argument advocating remand is that—now that the federal officer claims have been dismissed—the Court should exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiffs acknowledge a split of authority in this Court on the issue of the implication of post-removal dismissal of federal officer claims on the Court's supplemental jurisdiction. For their part, Mosaic and ELI counter that the cases invoked by Plaintiffs improvidently resort only to the supplemental jurisdiction statute and were incorrectly decided such that the Court should align itself with those cases relying on Fifth Circuit precedent holding that a "district court does not lose jurisdiction if the plaintiff 'cease[s] to assert a claim that was subject to the federal contractor defense' nor 'if the facts later indicate the federal [contractor] defense fails.'" *See Ragusa v. Louisiana Guaranty Ins. Assoc.*, No. 21-1971, 2023 WL 2646754, at *2 (E.D. La. Mar.

---

[8] *See* ECF No. 136 at 4-5; ECF No. 137 at 4. In acknowledging this feature of Louisiana law applicable to asbestos cases, another section of this Court denied a plaintiff's motion to remand claims alleged against non-federal-contractors, holding that virile-share liability weighed in favor of exercising supplemental jurisdiction over the plaintiff's occupational asbestos claims. *See Ditcharo v. Union Pac. R.R. Co.*, No. 23-7399, 2024 WL 1433652, at *4 (E.D. La. Apr. 3, 2024) (Fallon, J.) ("The Court further finds that severing any state law claims would result in a piecemeal litigation which would cause issues down the road, such as establishing virile share credits between alleged joint tortfeasors.").

27, 2023) (Barbier, J.) (citing *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 862-63 (5th Cir. 2021)). Because Plaintiffs and their authorities appear to leap-frog over the threshold issue of whether the Court retains federal jurisdiction under § 1442 after dismissal of federal defenses—and the Court follows the Fifth Circuit and other sections of Court answering this question in the affirmative—Plaintiffs' motion to remand may be denied without resort to analyzing the supplemental jurisdiction considerations.[9]

To be sure, dismissing the ostensible federal-contractor defendant (the defendant entitled to § 1442 removal) "d[oes] not deprive the district court of power to entertain the remaining state law controversy'." *IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. 1982) (in other words, "elimination of the federal officer from a removed case does not oust the district court of jurisdiction (except where there was no personal jurisdiction over the officer)[ ]"). Rather, section 1442(a)(1) "creates a species of ancillary jurisdiction over the nonfederal elements of the case" so that "ancillary counterclaims may be considered after the main claim has been disposed of." *Id.* at 158-59. Indeed, public policy favors retaining non-federal claims once the removing federal contractor is no longer in the case because "[i]f [the officer's] falling out of the case were held to require an automatic remand waste of judicial resources might result." *Id.* at 160.

---

[9] Insofar as Plaintiffs purport to move to "sever their claims from any remaining third-party claims," (ECF No. 132-1 at 1), they have not briefed severance and thus Plaintiffs have forfeited their unsupported request for severance. Furthermore, defendants' briefing on any severance proposal indicates that severance is impractical, unfair, and unwarranted. ECF No. 137 at 4-5; ECF No. 136 at 4-5. The Court declines to analyze and resolve a perfunctory request for relief which Plaintiffs make only in passing.

Plaintiffs do not contend that the Court was automatically divested of jurisdiction over the remaining state-law claims. Nor do Plaintiffs contend with the above referenced authorities. Given that the Court retained federal jurisdiction under § 1442(a) after the dismissal of Huntington and its federal defenses, the Court is not persuaded that it *must* consider whether it *should* exercise supplemental jurisdiction over plaintiff's claims under 28 U.S.C. § 1367. *Cf. LeBoeuf*, No. 24-1695, 2025 WL 1403139, at *3 ("Because federal jurisdiction under 28 U.S.C. § 1442(a) survives the dismissal of federal defenses, the Court need not consider whether it should exercise supplemental jurisdiction over plaintiff's claims under 28 U.S.C. § 1367."). Even considering the § 1367(c) factors, the defendants have advanced the better arguments: factors (1) and (2) weigh in favor of retaining jurisdiction, while (3) and the common law factors are neutral; (4) is not implicated.

Balancing the factors militates in favor of exercising, not declining supplemental jurisdiction over all remaining claims. First, no novel or complex issues of state law are presented. Second, because all claims are "sufficiently intertwined," Plaintiffs' state law claims do not "substantially predominate" over the dismissed federal contractor defense issues, *cf. Ditcharo*, No. 23-7399, 2024 WL 1433652, at *4, issues which Defendants contend persist in terms of establishing virile share credits among joint tortfeasors. *See id.* Though at first blush factor (3) might weigh in favor of declining to exercise supplemental jurisdiction, ultimately (3) is neutralized given the persisting implication of Huntington's virile share credit among the joint

8

tortfeasors. *See id.*[10] There being no exceptional circumstances presented by this asbestos litigation, factor (4) is not implicated. Finally, the balance of common law factors does not compel remand because all (judicial economy, convenience, and fairness) but one (comity) are neutral. Though the Court "may decline" to exercise supplemental jurisdiction if the balance of factors compels that result, where only the comity common law factor favors remand, remand is not appropriate. On balance, the statutory and common law factors are neutral or disfavor declining to exercise jurisdiction and, thus, the Court will continue to exercise its jurisdiction.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[11] to sever and remand is **DENIED**.

New Orleans, Louisiana, this 8th day of October, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[10] Again, Plaintiffs fail even to respond to Defendants' arguments on this point.
[11] ECF No. 132.